## JAMES B. ENGLISH *v.* KULP & COLLINGS.

**Evidence—Commissioner's Report as Evidence—Exceptions.**

The commissioner's report was offered to be read as evidence on the trial, which was objected to and overruled, and the court refused to dispose of the exceptions to the report, to which no exceptions were taken, thereby the objections to the ruling of the court, permitting the report to be read, were waived. As the whole matter was referred to the jury, the evidence upon which the report was based as well as the report itself, it was the province of the jury to give such weight to the whole as they deemed it merited.

APPEAL FROM BULLITT CIRCUIT COURT.

June 22, 1871.

OPINION BY JUDGE PETERS:

Appellant insists that the court below erred in admitting as evidence before the jury the report of the state of accounts between the parties made by the commissioner to whom the case was referred and which had been returned and filed before the trial commenced.

When said report was offered by the attorney for appellees as evidence appellant's counsel objected to the introduction and reading it to the jury. The court overruled the objection, and then, instead of excepting to the opinion of the court overruling his motion and permitting said report to be read, he moved the court to dispose of the exceptions theretofore filed to said report, which the court declined to do, and he excepted to the refusal of the court to dispose of said exceptions, and waived thereby his objections to the ruling of the court permitting the report to be read. As the whole matter was referred to the jury, the evidence upon which the report was based, as well as the report itself, it was the province of the jury to give such weight to the whole as they deemed it merited, and was proper.

No other objection was made as to the competency of evidence during the progress of the trial.

All the instructions given for appellees appear to be guarded by proper qualifications, requiring in all that at the time of the trade in order to find for the plaintiffs the jury should believe from the evidence that appellant had a knowledge of the state of the accounts of the firm which of the appellees had, that he concealed the true condition from them, and neither of them had a reasonable opportunity of being informed on the subject, and in one the jury were told in substance that they must find for the defendant unless they believed from the evidence that the books of the firm did not show the true state of the accounts of the partnership and which appellant knew at the time, and fraudulently concealed from each of the appellees. And all the instructions asked by appellant were given without any modification so that the law applicable to the case was given as favorably for appellant as he has a right to ask it. And this court is not authorized to say that the finding of the jury is so palpably against the weight of evidence as to enable it to interfere and set aside. It does appear from the evidence that the price agreed to be paid by appellees for appellant's part of the firm assets was considerable more than they were worth, and it was the province of the jury to determine from all the facts and circumstances how the thing was accomplished, whether fair or fraudulent.

Judgment must be *affirmed.*

A. H. Field, for appellant.

R. H. Field, for appellees.